# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: 5:21-cv-00133-SB-SHK | Date: May 3, 2021 |
|---|---|

**Title:** *Maria Andalon v. 9W Halo Western Opco L.P., et al.*

**Present: The Honorable** **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER GRANTING MOTION TO REMAND**

This wrongful termination case was removed from the Superior Court of San Bernardino County on January 22, 2021. Dkt. No. 1 (Notice of Removal). Defendant asserts that removal is proper through the existence of diversity jurisdiction. Plaintiff moved to remand this case. Dkt. No. 14 (Motion). She does not contest that the parties are diverse in citizenship. However, she maintains that Defendant has not shown—and cannot show—that the amount in controversy here exceeds the statutory bar of $75,000.

## DISCUSSION

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the

removing defendant"). In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

When assessing a dispute over the amount in controversy, courts look to whether the removing defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Owens*, 574 U.S. at 89.

It is not evident from the Complaint (Dkt. No. 1-3) that the amount in controversy exceeds $75,000. Plaintiff did not request a specific amount in damages, but instead prayed for compensatory damages, statutory penalties pursuant to Labor Code section 1198.5 (in the amount of no less than $750), punitive damages, general damages for mental and emotional distress, special damages, attorneys' fees and costs, pre- and post-judgment interest, as well as injunctive and declaratory relief. Compl., Prayer for Relief. In challenging the removal of this case, however, Plaintiff states that "Plaintiff's actual past economic loss <u>could not exceed</u> **$8,881.65** . . . at the high end." Mot. at 5 (emphasis in original). Plaintiff is able to calculate her economic loss so specifically because her employment ended on February 21, 2020 and she has been on total disability since June 25, 2020. Dkt. No. 14-2 (Andalon Decl.) ¶¶ 4, 6. The past economic loss is calculated as follows: $522.45 (average weekly pay) x 17 (number of weeks between termination and total disability) = $8,881.65. *Id.* ¶ 5.

Defendant acknowledges that Plaintiff's actual damages are limited. Dkt. No. 17 (Opp.) at 12. However, Defendant contends that Plaintiff could potentially be awarded hundreds of thousands of dollars in damages for emotional distress or in punitive damages. *Id.* at 3-8. And while courts may consider damage awards in analogous cases when determining the amount in controversy, Plaintiff's actual

economic loss in this case is modest (less than $10,000).[1]  She was employed part-time and earned "approximately $20,000 per year."  *Id.* at 12.  Given the small amount of past economic damages and the short period between termination and total disability, a reasonable estimate of the maximum award for punitive and emotional distress damages is $30,000.  And assuming an estimate of $30,000 for attorneys' fees (a metric used by both parties in their briefing, Reply at 3, Opp. at 11), the amount in controversy would be less than $75,000.[2]

In short, Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Indeed, if this case is said to satisfy the jurisdictional amount, it is hard to imagine any case of this type that would not exceed the threshold.  The Motion is **GRANTED**, and this case is remanded to the Superior Court of San Bernardino County.

---

[1] The Court takes judicial notice of verdicts in eight cases dating between 2001 and 2017 without objection (Dkt. No. 17-1).  *See* Fed. R. Evid. 201(b) (courts may take judicial notice of facts that are "not subject to reasonable dispute").  None of these cases, however, is similar.  The large awards in those cases—up to $550,000 in punitive damages—likely would be constitutionally impermissible here.

[2] Plaintiff asserts that the maximum amount in controversy is $38,881.65 (attorneys' fees and economic damages).  Dkt. No. 18 (Reply) at 3.  She was unwilling, however, to stipulate to a damages "cap" during the March 5 scheduling conference.  The refusal is not dispositive.  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).  The Court must determine its jurisdiction based on the applicable legal standards discussed in this order.